OPINION OF THE COURT
Lawrence E. Kahn, S.
The facts in this proceeding are undisputed. On June 16, 1975, decedent was involved in an automobile accident with a taxicab owned by petitioner. Petitioner subsequently commenced an action in the City Court of Albany against decedent; a defense was interposed on decedent’s behalf by her *325 insurance company. Thereafter, decedent moved to California. A second action was commenced in Supreme Court, Albany County, by a passenger in the taxicab naming petitioner and decedent as codefendants but, before service of process could be issued, decedent died. Decedent died intestate with only one surviving distributee, an infant son who resides with his natural father, the former husband of decedent. Said infant is ineligible to receive letters and the infant’s father refuses to apply for such letters as his guardian.
Petitioner therefore seeks to have respondent, the Chief Fiscal Officer of Albany County, appointed as administrator of decedent’s estate in order to carry on the two pending actions.
Because there are no other eligible distributees of the decedent who could serve as administrator, the right to such letters devolves upon respondent. SCPA 1001 (subd 8) provides in part as follows:
"When letters are not granted under the foregoing provisions and an appointment is not made by consent as hereinbefore provided then letters of administration shall be granted in the following order:
(a) to the public administrator, or the chief fiscal officer of the county”.
Having established that respondent is in fact entitled to serve as administrator of decedent’s estate, it must be determined whether he is obligated to do so. Respondent alleges that he is not legally obligated to serve as administrator of the decedent’s estate relying upon the authority of Opn St Compt, 1977, No. 77-270. This opinion states that the Chief Fiscal Officer is not obligated to act as a voluntary administrator under SCPA article 13. While such authority is not binding legal precedent for this court, it should be noted that said opinion refers to the Chief Fiscal Officer’s duties when settling a small estate under article 13. Petitioner seeks to have respondent appointed under the authority of SCPA article 10 which is a separate and distinct article.
SCPA 1003 (subd 3) states that every person who has a right to administration may renounce his right, "except that a public administrator or the chief fiscal officer of the county may not renounce his right and may only be excused from acting, upon his motion duly made and an order made and entered thereupon by the court.” This section mandates respondent to serve as administrator unless the court in its discretion finds cause why respondent should not so serve.
*326 In deciding whether to exercise its discretion to excuse respondent, the court considers the particular facts of each case. A crucial factor is the existence of other eligible persons who would be willing to serve as administrator. In this case, there are no other eligible persons willing to serve as administrator. Without any one available to serve, this estate would be left unadministered. The orderly function of our society demands the proper handling of a decedent’s estate. If all eligible persons could refuse to serve, chaos would result. Therefore, the public administrator is an essential part of our legal structure by assuring the administration of unattended estates such as the one herein. When no one else is able or willing to serve, the court must, as a last resort, turn to respondent in his capacity as a public official, to so serve.
Accordingly, the court directs respondent to fulfill his public duty as mandated by law and to qualify as administrator of decedent’s estate.