OPINION OF THE COURT
Bernard M. Bloom, S.
The former conservator for the intestate petitions for letters of administration in the discretion of the court on the grounds that the distributees of the estate are unknown and that the Public Administrator by his counsel has waived his prior right to be appointed administrator through dilatoriness in applying for letters and by repeated refusal to act upon petitioner’s invitation to move to assure the preservation of estate assets or to be substituted in prosecuting and defending legal proceedings to which the conservatee/decedent had been a party. The Public Administrator has appeared in opposition.
When letters of administration are not granted to distributees or their representatives or nominee, the Public Administrator has a right to the appointment superior to that of all other persons (SCPA 1001, subd 8, par [a]). Letters may be issued to another person or persons in the discretion of the court only when the Public Administrator has been excused from acting. As the Public Administrator cannot renounce his right to letters and can be relieved from his duty to administer such an estate only by an order *661 from the court upon his motion duly made (SCPA 1003, subd 3), the granting of which is subject to the discretion of the court (see Matter of Wyche, 96 Misc 2d 324), there can be no such thing as a de facto renunciation by the Public Administrator. As the Public Administrator has not sought an order excusing himself from serving, no occasion is presented for the exercise of discretion to appoint petitioner or some other individual in his stead.
Petitioner and his counsel are advised to employ the usual avenues of pursuing their respective claims against the estate for services allegedly rendered. The requested hearing is inappropriate at this time.
Letters of administration shall issue to the Public Administrator.