■ In the Matter of the Estate of GEORGE ZAHARIA, Deceased. DANIEL L. BRIGGS, as Treasurer and Chief Fiscal Officer of Sullivan County, Appellant; PAUL CZAJKA, as Surrogate of Sullivan County, Respondent. [663 NYS2d 395] —Casey, J. P. Appeal from an order of the Surrogate's Court of Sullivan County (Czajka, S.), entered August 14, 1996, which denied Daniel L. Briggs' motion to be excused from acting as public administrator of decedent's estate.

George Zaharia (hereinafter decedent) died owning approximately 80 parcels of real property located within Sullivan County, all of which became tax delinquent during his lifetime or within the years since he died. Due to the renunciation of the executor named in decedent's will and the failure of any interested party to file a petition for appointment as fiduciary, Surrogate's Court appointed Daniel L. Briggs, the Treasurer and chief fiscal officer of Sullivan County, as public administrator of decedent's estate. Briggs, in turn, moved to be relieved of his appointment (*see,* SCPA 1003 [3]) based upon an alleged conflict of interest existing by virtue of his status as County

Treasurer. Surrogate's Court denied the motion and Briggs appeals.

We affirm. SCPA 1001 (9) provides that "[l]etters of administration may be granted by the court in any case in which a paper writing purporting to be a will has been filed in the court and proceedings for its probate have not been instituted within a reasonable time or have not been diligently prosecuted". In such instance, Surrogate's Court shall first grant letters of administration "to the public administrator, or the chief fiscal officer of the county" (SCPA 1001 [8] [a]). Because of the lack of a fiduciary to administer decedent's estate, Surrogate's Court followed the foregoing statutory provisions and appointed Briggs, who is the Treasurer and chief fiscal officer of Sullivan County, to act as public administrator of decedent's estate.

Although Briggs contends that his appointment as public administrator is inherently in conflict with his position as County Treasurer because of his need to enforce tax liens and commence foreclosure proceedings with respect to certain parcels belonging to the estate, we do not find that his duties in this regard preclude him from acting as public administrator. Initially we note, as did Surrogate's Court, that there are no other eligible persons willing to serve in this capacity (*see, Matter of Wyche*, 96 Misc 2d 324, 326). In addition, a creditor of an estate is not automatically barred from appointment as the estate's administrator (*see*, SCPA 1002 [1]; *see, e.g., Matter of Gaul*, 6 AD2d 949). Rather, the pertinent inquiry is whether the fiduciary has engaged in misconduct warranting his or her removal (*see, Matter of Foss*, 282 App Div 509, 513-514). Here, there is no suggestion in the record that Briggs' dual status as public administrator and County Treasurer would result in misconduct. Mindful of the outstanding tax liabilities attached to the parcels comprising the estate, Surrogate's Court imposed a prohibition on the sale, foreclosure or encumbrance of such property as a condition of its order of appointment. In view of this, we find no reason to disturb the order of Surrogate's Court.

Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.