■ In the Matter of JOSEPH CUNNINGHAM, Deceased. LOIS M. ROSENBLATT, Public Administrator of Queens County, Respondent; ROSE CUNNINGHAM, Appellant, et al., Respondent. [882 NYS2d 219]—

In a probate proceeding in which Lois M. Rosenblatt, the Public Administrator of Queens County, petitioned for temporary letters of administration for the estate of Joseph Cunningham, Rose Cunningham, as legatee under the purported last will and testament of Joseph Cunningham, appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), dated April 17, 2008, which, after a hearing, granted the petition and issued temporary letters of administration to Lois M. Rosenblatt, the Public Administrator of Queens County.

*Ordered that the order is modified,* on the law and in the exercise of discretion, by adding thereto a provision limiting the powers of Lois M. Rosenblatt, the Public Administrator of Queens County, to preclude her from selling the real property located at 28-24 212th Street in Bayside, Queens; as so modified, the order is affirmed, without costs or disbursements.

On April 9, 2003, the decedent, Joseph Cunningham, allegedly executed a will leaving his property to his former wife of more than 35 years, the appellant, Rose Cunningham. The will named the appellant as executor, and in the event that she did not qualify, William Horowitz was named executor.

The decedent died on October 29, 2004. At the time of his death, the decedent was living with the appellant at the former marital residence, which constituted the sole asset passing under the will. The appellant filed a petition to admit the will to probate, and Lois M. Rosenblatt, the Public Administrator of Queens County (hereinafter the Public Administrator), moved to dismiss the petition on the ground that the appellant failed to join the decedent's brother, Thomas Cunningham, as a necessary party to the probate proceeding.

In an order dated January 17, 2008, the Surrogate granted the motion to dismiss the probate proceeding on the ground that the appellant had falsely represented that the decedent's mother had no other children, and her misrepresentation was sufficient to disqualify her as a fiduciary on the ground of misconduct (*see* SCPA 711 [4]).

Shortly thereafter, the Public Administrator filed a petition for temporary letters of administration. William Horowitz, as alternate executor under the will, objected to the Public

Administrator seeking temporary letters of administration, and filed a new probate petition.

The Surrogate granted the Public Administrator's petition pursuant to SCPA 901 (1), which states that temporary letters of administration may be granted "if the court finds it is in the best interests of the estate . . . [w]hen for any cause delay occurs in the grant of letters on the estate . . . or in the probate of [a] will."

The appellant contends that there was no necessity for the appointment of a temporary administrator, since she is living in the real property owned by the estate and paying all expenses. She further contends that even if the appointment of a temporary administrator was appropriate, the Public Administrator should not have been appointed, since the Public Administrator previously contested the admission of the will to probate and is "completely hostile to this estate." She argues that much of the litigation and administration expenses of the estate were generated by the Public Administrator.

The Public Administrator cites SCPA 1001 (9), which states that an administrator may be appointed when a will has been filed and "proceedings for its probate have not been instituted within a reasonable time or have not been diligently prosecuted." The Public Administrator states that she "attempted to sell the decedent's real property at auction in order to preserve the value of the estate in a declining real estate market and to be able to pay the estate's administration expenses and litigation fees and prevent further waste of estate assets by accumulating interest on said expenses and fees." The Public Administrator continues to object to the admission of the will to probate.

Pursuant to SCPA 1123 (2) (i) (2), the Public Administrator was a necessary party to any proceeding to admit the will to probate, since the persons applying for probate are not distributees of the decedent or related to the decedent (*see Matter of von Knapitsch,* 296 AD2d 144 [2002]). In her status as a necessary party, the Public Administrator may file objections to probate on behalf of the distributees (*see* SCPA 1123 [2] [i] [4]; *Matter of von Knapitsch,* 296 AD2d 144 [2002]), and has done so in this case, which has generated litigation expenses.

However, "a creditor of an estate is not automatically barred from appointment as the estate's administrator" and "the pertinent inquiry is whether the fiduciary has engaged in misconduct warranting his or her removal" (*Matter of Zaharia,* 243 AD2d 926, 927 [1997]). Accordingly, there is no basis in this record to disqualify the Public Administrator from serving as

temporary administrator of the estate. However, under the circumstances of this case, the Public Administrator's letters as temporary administrator should be limited so that she is precluded from selling the real property (see SCPA 903 [4] [a]).

We further note that an expeditious determination of the probate proceeding is in the best interests of all concerned. Fisher, J.P., Florio, Carni and Chambers, JJ., concur.