ALLAN OGILVIE, Appellant, v. CITY OF NEW YORK, Respondent, et al., Defendant.— In an action to recover damages for alleged assault and battery, negligence, false arrest and malicious prosecution, plaintiff appeals from so much of a judgment of the Supreme Court, Kings County, entered January 5, 1973, as dismissed his complaint against defendant City of New York upon the trial court's decision at a jury trial. Judgment reversed insofar as appealed from, on the law, and, as against defendant City of New York, action severed and new trial granted, with costs to abide the event. It was error for the trial court to dismiss the complaint against the City of New York. In our opinion, there was sufficient evidence to permit an inference by the jury that the defendant police officer was acting within the scope of his employment at the time of the shooting (Osipoff v. City of New York, 286 N. Y. 422). Upon the new trial, plaintiff should be permitted to inspect the Police Department personnel file of the officer (Watson v. Mix, 38 A D 2d 779; McCrink v. City of New York, 296 N. Y. 99). Also, it was error for the trial court to exclude from evidence the admission contained in the first amended answer of the defendant city

*(Brisbane* v. *City of New York*, 6 A D 2d 882; *McNulty* v. *Zaganos*, 255 App. Div. 274). Gulotta, P. J., Hopkins, Martuscello, Shapiro and Cohalan, JJ., concur.