OPINION OF THE COURT
Gerard M. Weisberg, J.
The defendants have moved for a protective order in relation to a notice for discovery and inspection served by claimants.* The action is for conscious pain and suffering and wrongful death arising from the elopement and suicide of Norma Campbell, a patient at State University Hospital of the Downstate Medical Center (Hospital). Liability is predicated upon the State’s negligence in failing to provide adequate supervision over claimants’ decedent, a patient with known suicidal tendencies.
*205 The notice for discovery and inspection requests disclosure of:
“1. The names and addresses of all persons who have made similar claims surrounding leaving and/or escaping the Psychiatric Care Facility of Downstate Medical Center and ultimately committing suicide within a period of five years from the date of this accident.
“2. The name, address, Court of Claims claim number, date of accident, and documents including but not limited to pleadings, depositions, reports, and inter-office memoranda concerning an accident where a male medical student who was a patient at the Psychiatric Care Facility of Downstate Medical Center escaped said facility and ultimately committed suicide.”
Disclosure is opposed under CPLR 3103, 3122 upon the grounds that the information is (1) subject to the physician-patient privilege, (2) immaterial and unnecessary, (3) vague and overbroad, and (4) unduly burdensome.
Defendants cite Boddy v Parker (45 AD2d 1000) in support of their assertion of a privilege. That case was an action for medical malpractice in the performance of a hysterectomy, in which plaintiff sought disclosure of the names, addresses and medical records of patients upon whom defendant had performed hysterectomies within the two-year period preceding plaintiff’s operation. The court denied disclosure, reasoning that such material was confidential information protected by the physician-patient privilege. (See, also, Judd v Park Ave. Hosp., 37 Misc 2d 614, affd 18 AD2d 766; King v O’Connor, 103 Misc 2d 607.)
The argument that a privilege exists in the case at bar is ill-founded, since claimants seek production of the names and addresses of individuals who have filed claims against the defendants. The filing of such claims effectuates a waiver of the physician-patient privilege. (Koump v Smith, 25 NY2d 287; Mancinelli v Texas Eastern Transmission Corp., 34 AD2d 535.) Moreover, claims filed with the clerk of this court and the information contained therein are public records. They are thus neither privileged nor confidential.
*206 Disclosure should nevertheless be denied upon the grounds that the materiality and relevance of the information sought has not been demonstrated and because the demand is overbroad and unduly burdensome. Although the occurrence of prior similar incidents has been deemed significant in other contexts, the relevance of such disclosure is highly dependent upon the facts of the particular case. (See, e.g., Austin v Calhoon, 51 AD2d 958 [files of disability insurer to indicate basis for allowing claims]; Oglivie v City of New York, 44 AD2d 586 [personnel file of police officer accused of malfeasance]; Tely v State of New York, 49 Misc 2d 418 [previous accidents at highway location].) In the case at bar claimants have not defined the negligent conduct of the defendants other than to allege a lack of adequate supervision. Thus, the circumstances have not been sufficiently narrowed to make the disclosure of “similar incidents” feasible, let alone material. The variety of circumstances, under which patients may have left, eloped, escaped or otherwise departed from the hospital, potentially encompasses innumerable unrelated fact patterns. Patients are not prisoners, nor. are uniform degrees of supervision prescribed for them. The amount of freedom afforded a patient may be the subject of medical judgment which is not reviewable by the court. (Pike v Housinger, 155 NY 201; St. George v State of New York, 283 App Div 245, affd 308 NY 681; cf. Homere v State of New York, 48 AD2d 422.) Thus, a patient’s mere departure from the hospital and subsequent suicide is not prima facie relevant to the facts of any other claim. Indeed, this is recognized by claimants’ attorney who states relative to his request for records of an alleged medical student” it is respectfully submitted that the facts of this case are so unique that the name of the medical student would almost be immaterial.” While we do not foreclose the possibility that such disclosure might at some future time be appropriate, this would require substantial narrowing of the issues by means of further examinations before trial, independent investigation or other methods.
Accordingly, the motion for a protective order is granted.

 CPLR 3102 (sub [f]) provides that disclosure shall be available against the State by motion. Defendants have not however objected to the notice for discovery and inspection upon procedural grounds and, accordingly, the court deems the objection waived.