■ EDITH MIRACOLO, Individually and as Administratrix of the Estate of CHARLES C. MIRACOLO, Deceased, Respondent, v DAIMLER-BENZ, A.G., et al., Appellants, et al., Defendants.—In a consolidated action to recover damages for products liability and medical malpractice, the defendants Daimler-Benz, A.G., Mercedes-Benz of North America, Inc. and Daimler-Benz of North America, Inc., purportedly appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated October 3, 1986, which precluded them from making inquiries as to when the plaintiff gave a particular exhibit to her attorneys and which also precluded them from inquiring with respect to the condition of the plaintiff's decedent prior to the alleged medical malpractice.

Ordered that the appeal is dismissed, with costs.

The appellants seek to review a ruling on objections raised

at an examination before trial. No appeal lies either as of right or by permission from rulings made during the course of an examination before trial (CPLR 5701 [a], [c]; *Alberi v Rossi,* 117 AD2d 574). This holds true even if, as here, the ruling is reduced to an order, unless such order is made upon a complete record on an application seeking either to compel answers to questions or obtain a protective order *(Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co.,* 59 AD2d 573) and even in such case, it is appealable only by permission *(Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co., supra; see also, Scott v Vassar Bros. Hosp.,* 133 AD2d 76; *Ewell v Moore,* 133 AD2d 67; *Sainz v New York City Health & Hosps. Corp.,* 106 AD2d 500; *Roberts v Modica,* 102 AD2d 886). In the instant case, even if the order had been made on a record, there was no order of either the Supreme Court or this court granting permission to appeal (CPLR 5701 [c]; *accord, Eagle Star Ins. Co. v Behar,* 140 AD2d 664). Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.