(December 19, 1988)

■ HARRY BIGMAN et al., Appellants, v DIME SAVINGS BANK OF NEW YORK, FSB, Respondent.—In an action to recover damages, inter alia, for defamation, tortious interference with business relations and tortious interference with contract, the plaintiffs appeal, as limited by their notice of appeal and brief from so much of an order of the Supreme Court, Queens County (Graci, J.), entered March 7, 1988, as inter alia, (1) granted that branch of the defendant's motion which was to compel them to answer specified questions propounded at an examination before trial, (2) denied their cross motion requesting that the court supervise and limit the extent of the defendant's discovery, and (3) denied, in part, their motion to vacate the defendant's first notice of discovery and inspection.

Ordered that the appeal from so much of the order as granted that branch of the defendant's motion which was to compel the plaintiffs to answer questions propounded at an examination before trial is dismissed; and it is further,

Ordered that the order is otherwise affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded costs.

The plaintiffs' purported appeal from that portion of the Supreme Court's order which directed them to respond to certain questions propounded at an examination before trial must be dismissed. Although the court's order was made upon a full record and on the defendant's application to compel responses (see, Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co., 59 AD2d 573; cf., Eagle Star Ins. Co. v Behar, 140 AD2d 664), such an order is nevertheless appealable only by permission (see, Miracolo v Daimler-Benz, A.G., 141 AD2d 513; Scott v Vassar Bros. Hosp., 133 AD2d 76; Ewell v Moore, 133 AD2d 67; Sainz v New York City Health & Hosps. Corp., 106 AD2d 500). At bar, the plaintiffs have not obtained permission from either the Supreme Court or this court to appeal (see, CPLR 5701 [c]).

With regard to that portion of the court's order compelling the production of certain documents by the plaintiffs, our review of the record discloses that the Supreme Court properly exercised its discretion in declining to vacate those discovery requests objected to by the plaintiffs on appeal.

We have reviewed the plaintiffs' remaining contention and find it to be without merit. Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.