■ BENNETT H. BERMAN, as Executor of EDITH RAPOPORT, Deceased, Respondent-Appellant, v HUNTINGTON HOSPITAL, Appellant-Respondent. [608 NYS2d 281] —In an action to recover damages for personal injuries and wrongful death, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated February 14, 1992, as denied its motion for a protective order pursuant to CPLR 3103 with respect to item numbered 7 (1) of the plaintiff's combined disclosure demand, and which granted the plaintiff's cross motion to direct the defendant to respond to item numbered 7 (1), and the plaintiff cross-appeals from so much of the same order as granted the defendant's motion to preclude the plaintiff from offering certain evidence at trial unless the plaintiff furnished a further bill of particulars.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, the defendant's motion for a protective order with respect to item numbered 7 (1) is granted, and the plaintiff's cross motion is denied; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs.

The plaintiff's decedent fell and broke her right hip while admitted at Huntington Hospital. The plaintiff commenced this action alleging that the defendant was negligent in failing to properly supervise and restrain the plaintiff's decedent to prevent her from falling. During disclosure, the plaintiff sought copies of pleadings in any lawsuit involving patients who fell at the defendant's premises both prior to and subsequent to the instant accident. We conclude that such pleadings are not material or necessary in the prosecution of the

action. Thus, the court improvidently exercised its discretion in denying the defendant's motion for a protective order *(see,* CPLR 3101 [a]; 3103 [a]; *Kolody v Supermarkets Gen. Corp.,* 163 AD2d 276; *Matter of Campbell v State of New York,* 105 Misc 2d 204). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.