■ DELANO CHEVANNES, Respondent, v LEXINGTON GARDEN ASSOCIATES, Appellant. [685 NYS2d 631] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rappaport, J.), entered December 12, 1997, which, in effect, denied its motion pursuant to CPLR 3126 to strike the complaint based on the plaintiff's failure to provide discovery, and upon, *sua sponte,* granting the defendant leave to conduct a further deposition of the plaintiff, precluded inquiry into the plaintiff's prior criminal convictions.

Ordered that the appeal from so much of the order as, *sua sponte,* limited the defendant's inquiry of the plaintiff at the further deposition, is dismissed without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

"An order denying a motion to compel a witness to answer questions propounded at an examination before trial is akin to a ruling made in the course of the examination itself and as such is not appealable as of right" (*Matter of Heller,* 216 AD2d 393, 394, quoting *Ewell v Moore,* 133 AD2d 67). We decline to grant such relief *sua sponte* in the exercise of our interest of justice jurisdiction. Therefore, the appeal from that portion of the order which, in effect, refused to compel the plaintiff to answer certain questions at the further deposition is dismissed.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to strike the complaint

(*see, Frias v Fortini,* 240 AD2d 467). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.