■ ANTHONY ROBINSON et al., Respondents, v PEDIATRIC ASSOCIATES OF IRWIN AVENUE et al., Defendants, and WESTCHESTER COUNTY MEDICAL CENTER et al., Appellants. CAREY GLOTZMAN, Nonparty Appellant. [763 NYS2d 759] —In an action to recover damages for medical malpractice, etc., (1) the defendants Westchester County Medical Center, now known as Westchester County Health Care Corporation, and the County of Westchester appeal, as limited by the brief, from so much of an order of the Supreme Court, Westchester County, entered April 18, 2002, as (a) granted that branch of the plaintiffs' motion which was to strike their answer pursuant to CPLR 3126 unless they produced certain witnesses for examinations before trial, complied with certain discovery demands, and paid $1,500 as an attorney's fee to the plaintiffs by specified dates, and (b) granted that branch of the plaintiff's motion which was for leave to depose nonparty Dr. Abdo, and (2) the defendants Westchester County Medical Center, now known as Westchester County Health Care Corporation, the County of Westchester, and nonparty witness Carey Goltzman appeal, as limited by the brief, from so much of the same order as (a), in effect, upon reargument, adhered to a prior determination of the same

court directing the further examination of Carey Goltzman, and (b) denied that branch of their motion which was for a protective order preventing that further examination.

Ordered that the appeal from so much of the order as, in effect, upon reargument, adhered to a prior determination of the same court directing the further examination of Carey Goltzman, and as denied that branch of the motion of the defendants Westchester County Medical Center, now known as Westchester County Health Care Corporation, the County of Westchester, and nonparty witness Carey Goltzman which was for a protective order preventing the further examination before trial of Carey Goltzman is dismissed, as no appeal lies as of right from those provisions of the order and leave to appeal has not been sought or granted; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Those provisions of the order appealed from which adhered to a prior determination directing a further examination of the nonparty witness Carey Goltzman and denied that branch of the appellants' motion which was for a protective order preventing the further examination before trial of Carey Goltzman are not appealable as a matter of right, since they are in the nature of an order on an application to review objections raised at an examination before trial (*see Smith v Konica Bus. Machs., USA,* 232 AD2d 398 [1996]; *Stoller v Moo Young Jun,* 118 AD2d 637 [1986]; *Miracolo v Daimler-Benz,* 141 AD2d 513 [1988]; *Sainz v New York City Health & Hosps. Corp.,* 106 AD2d 500 [1984]). Leave to appeal has not been sought or granted. Accordingly, the appeal from those portions of the order must be dismissed.

The nature and the degree of the penalty to be imposed pursuant to CPLR 3126 for a party's failure to disclose is within the sound discretion of the trial court (*see Lavi v Lavi,* 256 AD2d 602 [1998]; *Kubacka v Town of N. Hempstead,* 240 AD2d 374 [1997]). In this case, the failure of the defendants Westchester County Medical Center, now known as Westchester County Health Care Corporation and the County of Westchester (hereinafter collectively Westchester) to comply with orders directing disclosure and the inadequate excuses offered for failure to comply demonstrated a willful and contumacious intent to not provide disclosure. Accordingly, the Supreme Court providently exercised its discretion in conditionally striking Westchester's answer (*see Porreco v Selway,* 225 AD2d 752 [1996]). Moreover, under the circumstances of this case, the

award of an attorney's fee to the plaintiffs was appropriate (*see Richard's Home Ctr. & Lbr. v Kownacki*, 247 AD2d 371 [1998]).

Westchester's remaining contentions either are unpreserved for appellate review or without merit.

We decline to award the plaintiffs a sanction for a frivolous appeal (*see* 22 NYCRR 130-1.1; *Enright v Vasile*, 205 AD2d 732 [1994]). Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.