■ BALWINDER SINGH, Respondent, v VILLFORD REALTY CORPORATION, Appellant. [800 NYS2d 508]—

In an action to recover damages for personal injuries, the defendant appeals from (1) so much of an order of the Supreme Court, Queens County (LeVine, J.), dated February 15, 2005, as denied those branches of its motion which were to compel the

plaintiff to respond to deposition questions regarding his immigration and marital status, and (2) an order of the same court dated February 16, 2005, which denied its motion to compel the plaintiff to respond to questions regarding his immigration and marital status asked during a vocational rehabilitation examination conducted by the defendant's expert witness.

Ordered that the appeals are dismissed, with costs.

Both of the defendant's motions sought merely to compel the plaintiff to answer questions put to him at examinations of the defendant before trial. It is well settled that an order denying a motion to compel a witness to answer questions propounded at an examination before trial is akin to a ruling made in the course of the examination itself and as such is not appealable as of right (*see Werner v Icon Health & Fitness, Inc.*, 12 AD3d 593 [2004]; *Robinson v Pediatric Assoc. of Irwin Ave.*, 307 AD2d 1029 [2003]; *Chevannes v Lexington Garden Assoc.*, 259 AD2d 654 [1999]; *Matter of Heller*, 216 AD2d 393, 394 [1995]), even where it was made upon a full record and on the defendant's motion to compel responses (*see Bigman v Dime Sav. Bank of N.Y.*, 145 AD2d 519 [1988]). The defendant never sought leave to appeal from the orders, and as this Court has often stated, "we are disinclined to grant leave to parties who have taken it upon themselves to perfect an appeal without leave to appeal" (*Anagnos v Hangac*, 239 AD2d 533 [1997]; *see Matter of Heller, supra*). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.