■ JOSEPH NAPPI et al., Respondents, v NORTH SHORE UNIVERSITY HOSPITAL et al., Appellants. [819 NYS2d 71]—

In an action, inter alia, to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 5, 2006, as granted those branches of the plaintiffs' cross motion which were to compel the defendant Michael H. Hall to make himself available for a medical examination pursuant to CPLR 3121 (a) and to compel a further deposition of the defendant Michael H. Hall to answer certain questions.

Ordered that the appeal by the defendants North Shore University Hospital, North Shore Cardiovascular & Thoracic Surgery, P.C., Ronald C. Flood II, Charles Michael Cinone, and Thomas Salvatore Pulice is dismissed as those defendants are not aggrieved by the order (see CPLR 5511); and it is further,

Ordered that the appeal by the defendant Michael H. Hall from so much of the order as granted that branch of the plaintiff's cross motion which was to compel his further deposition to answer certain questions is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the defendant Michael H. Hall.

The plaintiffs satisfied their burden of demonstrating that the physical condition of the defendant Michael H. Hall at the time of the subject incident is in controversy, enabling the court to compel him to make himself available for a medical examination pursuant to CPLR 3121 (a) (see *Dillenbeck v Hess,* 73 NY2d 278, 288 [1989]). Furthermore, the physician-patient privilege is inapplicable to the present case (see CPLR 4504 [a]; *Williams v Roosevelt Hosp.,* 66 NY2d 391, 395-396 [1985]; *Rabinowitz v St. John's Episcopal Hosp.,* 24 AD3d 530, 531 [2005]; *Brandes v North Shore Univ. Hosp.,* 1 AD3d 551, 552 [2003]; *People v Hagin,* 238 AD2d 714, 715 [1997]). *Lombardi v Hall* (5 AD3d 739 [2004]), cited by Hall, is distinguishable because the plaintiff in that case sought material subject to the physician-patient privilege and failed to satisfy his burden of showing that Hall's physical condition was in controversy.

Although Hall appeals from so much of the order as granted that branch of the plaintiffs' cross motion which was to compel him to appear for a further deposition to answer certain questions, "no appeal as of right lies from an order directing a party

to answer questions propounded at an examination before trial" (*Scalone v Phelps Mem. Hosp. Ctr.*, 184 AD2d 65, 69 [1992]). Here, Hall has "not sought leave to appeal, and there is nothing in the record which would warrant granting leave to appeal on the Court's own motion" (*Doe v East Ramapo Cent. School Dist.*, 260 AD2d 343, 344 [1999]). Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.