■ ANTONIA DANIELS, Respondent, v FAIRFIELD PRESIDENTIAL MANAGEMENT CORP. et al., Appellants. [840 NYS2d 431]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated June 23, 2006, as denied those branches of their motion which were to compel the plaintiff to answer certain questions propounded at an examination before trial and, in effect, to vacate so much of a compliance conference order dated January 19, 2006, as directed them to provide the plaintiff with all documents of similar incidents at their premises for the three-year period prior to the accident that is the subject of the action.

Ordered that the appeal from so much of the order as denied that branch of the defendants' motion which was to compel the plaintiff to answer certain questions propounded at an examination before trial is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and in the exercise of discretion, and that branch of the defendants' motion which was, in effect, to vacate the provision of the compliance conference order dated January 19, 2006, directing the defendants to provide the plaintiff with all documents of similar incidents at the defendants' premises for the three-year period prior to the accident is granted, and that provision of the compliance conference order is vacated; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The portion of the order appealed from which denied that branch of the defendants' motion which was to compel the plaintiff to answer certain questions propounded at an examination before trial, in effect, determines an application to review objections raised at an examination before trial and is not appealable as of right (*see Werner v Icon Health & Fitness, Inc.*, 12 AD3d 593 [2004]; *Robinson v Pediatric Assoc. of Irwin Ave.*, 307 AD2d 1029 [2003]; *Chevannes v Lexington Garden Assoc.*, 259 AD2d 654 [1999]). The defendants have not sought leave to appeal and there is nothing in the record that would warrant granting leave to appeal on the Court's own motion (*see Nappi v North Shore Univ. Hosp.*, 31 AD3d 509, 511 [2006]; *Doe v East Ramapo Cent. School Dist.*, 260 AD2d 343 [1999]; *King v Salvation Army*, 240 AD2d 473 [1997]).

The Supreme Court improvidently exercised its discretion in

denying that branch of the defendants' motion which was, in effect, to vacate so much of a compliance conference order dated January 19, 2006, as directed them to provide the plaintiff with all documents of similar incidents at their premises for the three-year period prior to the accident. The court's directive was overly broad (*see Matter of Rosenberg v Brooklyn Union Gas Co.*, 80 AD2d 834 [1981]). In addition, the documents were not material or necessary to the prosecution of the action (*see* CPLR 3101 [a]; 3120 [1]). Discovery of evidence of prior similar accidents, while material in cases where a defect is alleged in the design or creation of a product or structure, is irrelevant and inappropriate in cases such as this, where no inherent defect is alleged (*see Desson v Trustees of Net Realty Holding Trust*, 229 AD2d 512 [1996]; *Yoon v F.W. Woolworth Co.*, 202 AD2d 575, 576 [1994]; *Berman v Huntington Hosp.*, 201 AD2d 691 [1994]; *Kolody v Supermarkets Gen. Corp.*, 163 AD2d 276, 277 [1990]). Since the plaintiff did not allege any design defect, these documents were irrelevant to prove that the snow and ice upon which she slipped and fell was a dangerous condition or that the defendants had notice of that condition. Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.