■ Adama Njie et al., Respondents, et al., Plaintiff, v Larry S. Thompson, Appellant. [876 NYS2d 641]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered September 11, 2007, which, to the extent appealed from, denied defendant's motion to compel a neurological examination of plaintiff Adama Njie, and for disclosure of his tax records, reversed, on the law and the facts, without costs, and Mr. Njie instructed to disclose his federal income tax returns and to appear for the requested neurological examination.

Plaintiffs' bill of particulars states that as a result of the subject accident plaintiff Adama Njie was "incapacitated from his employment" for five months. Njie provided a written authorization for defendant's review of his employment records to substantiate this fact, but his former employer is no longer in business and its records have not been made available to the defense. Plaintiff also agreed to give authorization for his tax

records, in a "so ordered" stipulation to that effect in open court on August 7, 2006. Under the circumstances, defendant should be allowed access to plaintiff's tax records to substantiate plaintiff's alleged incapacity.

Plaintiff Njie should also be directed to submit to the requested neurological examination. CPLR 3101 (a) requires the "full disclosure of all matters material and necessary in the prosecution or defense of an action." While this plaintiff has submitted an affidavit stating that he is not asserting any specific claim for neurological injury, the record contains evidence that some of the injuries alleged by Njie, though not termed "neurological," may have a neurological etiology (CPLR 3121; see Nappi v North Shore Univ. Hosp., 31 AD3d 509 [2006]). Thus, the results of a neurological examination will likely provide information relevant to issues in controversy at trial. Concur—Gonzalez, P.J., Sweeny, McGuire and DeGrasse, JJ.

Mazzarelli, J., dissents in part in a memorandum as follows: I dissent from that part of the order compelling plaintiff Adama Njie to undergo a neurological examination because defendant has not established how plaintiff has placed any neurological injuries "in controversy" (CPLR 3121 [a]; see Koump v Smith, 25 NY2d 287, 300 [1969]).

Plaintiffs' bill of particulars alleged only tears of the labra in both shoulders. Although a nerve conduction test performed shortly after the accident revealed that plaintiff possibly had carpal tunnel syndrome in his left wrist, no claim for that injury was made. Thus, no neurological examination is "material and necessary in the . . . defense of [this] action" (CPLR 3101 [a]; see Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952 [1998]). Further, plaintiff affirmatively clarified in an affidavit that he makes no claim for neurological injuries.

The statement by the majority that "some of the injuries alleged by [plaintiff], though not termed 'neurological,' may have a neurological etiology," is unsupported by any competent evidence in the record. Indeed, defendant's position that plaintiff's alleged pain is just as likely a manifestation of a neurological condition as an orthopedic condition, is advanced through nothing more than an attorney's affirmation. It is well accepted that "The burden of proving that the party's mental or physical condition is in controversy, of course, is on the party seeking the examination or hospital records. The affidavits must contain evidentiary matter and not mere conclusory statements. Because the affidavit must be sworn to by a person having knowledge of the facts, an affidavit by an attorney should be disregarded un-

less he happens to have personal knowledge of the facts" (*Koump*, 25 NY2d at 300). Certainly defendant's attorney here does not profess to have personal knowledge or medical expertise sufficient to opine that the pain alleged by plaintiff to originate from his torn shoulder labra is in fact the result of a neurological injury. Moreover, counsel's observation that the sensation of pain is transmitted by the nerves is irrelevant to the question of whether plaintiff sustained a neurological injury. Plainly, his affirmation is inadequate.

Further, defendants' motion sought the alternative relief, if the court declined to compel a neurological examination, of precluding plaintiff from offering any evidence at trial regarding neurological injuries. That is of course the practical result of plaintiff's decision to withdraw any claim based on such injuries and the implication of the order appealed. Accordingly, defendant is not aggrieved by the order. To the extent that defendant's argument on this appeal is that he cannot effectively defend plaintiff's pain and suffering claims *at all* without having both a neurological and an orthopedic examination, such a position is inconsistent with his request for a preclusion order limited only to evidence related to neurological injuries, as well as unsupported in the record.