■ DIAMOND TAYLOR et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendants. [920 NYS2d 706]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated September 9, 2009, as granted that branch of the cross motion of the defendant New York City Housing Authority which was to compel a further examination before trial of a nonparty witness to answer certain questions.

Ordered that the appeal is dismissed, with costs.

"[N]o appeal as of right lies from an order directing a party to answer questions propounded at an examination before trial" (*Nappi v North Shore Univ. Hosp.*, 31 AD3d 509, 510-511 [2006]; *see Scalone v Phelps Mem. Hosp. Ctr.*, 184 AD2d 65, 69 [1992]). An order deciding "a motion to compel a witness to answer questions propounded at an examination before trial is akin to a ruling made in the course of the examination itself and as such is not appealable as of right even where it was made upon a full record and on the defendant's motion to compel responses" (*Singh v Villford Realty Corp.*, 21 AD3d 892, 893 [2005] [citations omitted]; *see Daniels v Fairfield Presidential Mgt. Corp.*, 43 AD3d 386, 387 [2007]; *Cedrone v Bon Secours Community Hosp.*, 31 AD3d 596 [2006]). The plaintiffs have not sought leave to appeal, and there is nothing in the record that would warrant granting leave to appeal on the Court's own motion (*see Daniels v Fairfield Presidential Mgt. Corp.*, 43 AD3d at 387). Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.