■ KENNETH DONATO, SR., Individually and as Administrator of the Estate of SOPHIE M. DONATO, Also Known as SOPHIE DONATO, Deceased, Appellant, v RONALD NUTOVITS, M.D., et al., Defendants, and MATTHEW GOLKAR, M.D., et al., Respondents. [52 NYS3d 488]—In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated February 23, 2015, as denied those branches of his motion which were pursuant to CPLR 3124 to compel the defendants Matthew Golkar and David L. Burns to be produced for further examinations before trial to answer certain questions.

Motion by the respondents Matthew Golkar, David L. Burns, and Westchester Medical Practice, P.C., inter alia, to dismiss the appeal on the ground that no appeal lies as of right from an order determining an application to review objections raised during an examination before trial and leave to appeal has not been granted. By decision and order on motion of this Court dated December 18, 2015, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal is granted; and it is further,

Ordered that the appeal is dismissed, with costs.

The portion of the order appealed from denied those branches of the plaintiff's motion which were pursuant to CPLR 3124 to compel the defendants Matthew Golkar and David L. Burns to be produced for further examinations before trial to answer certain questions. An order denying a motion to compel a witness to answer questions propounded at an examination before trial is akin to a ruling made in the course of the examination itself and is not appealable as of right, even where it was made upon a full record and on the plaintiff's motion to compel responses (*see Taylor v New York City Hous. Auth.*, 83 AD3d 929, 929 [2011]; *Nappi v North Shore Univ. Hosp.*, 31 AD3d 509, 510-511 [2006]; *Singh v Villford Realty Corp.*, 21 AD3d 892, 893 [2005]; *Werner v Icon Health & Fitness, Inc.*, 12 AD3d 593, 593 [2004]). Here, the plaintiff never sought leave to appeal. Under these circumstances, we decline to grant leave to appeal on the Court's own motion (*see Taylor v New York City Hous. Auth.*, 83 AD3d at 929; *Nappi v North Shore Univ. Hosp.*, 31 AD3d at 511). Accordingly, we dismiss the appeal. Rivera, J.P., Roman, Miller and Duffy, JJ., concur.