Crawford v R. Jewula Holdings LLC (2019 NY Slip Op 02225)





Crawford v R. Jewula Holdings LLC


2019 NY Slip Op 02225


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


325 CA 18-01103

[*1]WILLIAM CRAWFORD, PLAINTIFF-APPELLANT,
v
R. JEWULA HOLDINGS LLC, AND THE ORIGINAL PANCAKE HOUSE OF ORCHARD PARK, INC., DEFENDANTS-RESPONDENTS. 






THE HIGGINS KANE LAW GROUP, P.C., BUFFALO (TERRENCE P. HIGGINS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (MELISSA FOTI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 26, 2017. The order, among other things, denied the cross motion of plaintiff to compel discovery. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals, as limited by his brief, from that part of an order that denied his cross motion to compel discovery of certain documents related to a prior lawsuit against defendants. Contrary to plaintiff's contention, Supreme Court did not abuse its discretion by denying the cross motion (see Mosey v County of Erie, 148 AD3d 1572, 1573 [4th Dept 2017]; Voss v Duchmann, 129 AD3d 1697, 1698 [4th Dept 2015]). "Discovery of evidence of prior similar accidents, while material in cases where a defect is alleged in the design or creation of a product or structure, is irrelevant and inappropriate in cases such as this, where no inherent defect is alleged" (Daniels v Fairfield Presidential Mgt. Corp., 43 AD3d 386, 388 [2d Dept 2007]). Further, plaintiff concedes that his sole purpose for seeking the requested materials is to establish defendants' prior negligence, if any. The sought discovery therefore will not "assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]) because "evidence of unrelated bad acts" constitutes "the type of propensity evidence that lacks probative value concerning any material factual issue, and has the potential to induce the jury to decide the case based on evidence of defendant[s'] character" (Mazella v Beals, 27 NY3d 694, 710 [2016]; see Trotman v
New York City Tr. Auth., 168 AD3d 1116, 1117-1118 [2d Dept 2019]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court