Green v Iacovangelo (2020 NY Slip Op 03363)





Green v Iacovangelo


2020 NY Slip Op 03363


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, WINSLOW, AND BANNISTER, JJ.


1257 CA 19-00218

[*1]DERRICK GREEN, MILES GREEN, CYNTHIA GREEN, CORA GREEN, GLORIA GREEN, AND LINDA CLOUD, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
FRANK B. IACOVANGELO, AS PUBLIC ADMINISTRATOR FOR COUNTY OF MONROE, COUNTY OF MONROE, GALLO & IACOVANGELO, LLP, CAROLINE R. DIGNAN, M.D., AS MEDICAL EXAMINER FOR COUNTY OF MONROE, DEFENDANTS-RESPONDENTS, UNIVERSITY OF ROCHESTER, UNIVERSITY OF ROCHESTER MEDICAL CENTER, AND STRONG MEMORIAL HOSPITAL, DEFENDANTS-APPELLANTS. 






BROWN, GRUTTADARO AND PRATO, LLC, ROCHESTER (JEFFREY S. ALBANESE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
THE WRIGHT LAW FIRM, LLC, ROCHESTER (RON F. WRIGHT OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT DERRICK GREEN.
BURKWIT LAW FIRM, PLLC, ROCHESTER (CHARLES F. BURKWIT OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS MILES GREEN, CYNTHIA GREEN, CORA GREEN, GLORIA GREEN AND LINDA CLOUD.
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (MALLORIE C. RULISON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS FRANK B. IACOVANGELO, AS PUBLIC ADMINISTRATOR FOR COUNTY OF MONROE AND COUNTY OF MONROE. 


 Appeal and cross appeals from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered September 5, 2018. The order granted the motion of defendants Frank B. Iacovangelo, as Public Administrator for County of Monroe, County of Monroe, and Caroline R. Dignan, M.D., as Medical Examiner for County of Monroe for summary judgment dismissing the complaint against them, granted the motion of defendant Gallo & Iacovangelo, LLP for summary judgment dismissing the complaint against it, and denied the motion of defendants University of Rochester, University of Rochester Medical Center and Strong Memorial Hospital for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages based on, inter alia, allegations that defendants failed to take reasonable efforts to inform them, as next of kin, of the death of plaintiffs' relative (decedent). Defendant Strong Memorial Hospital (Strong), defendant University of Rochester and defendant University of Rochester Medical Center (collectively, hospital defendants), and defendant Frank B. Iacovangelo, as Public Administrator for County of Monroe (PA), defendant County of Monroe (County), and defendant Caroline R. Dignan, M.D., as Medical Examiner for County of Monroe (collectively, County defendants) moved separately for summary judgment dismissing the complaint against them. Now, the hospital defendants appeal and plaintiffs cross-appeal from an order that, inter alia, denied the hospital defendants' motion and granted the County defendants' motion. We affirm.
On January 19, 2012, a then-unidentified woman—decedent—was found unresponsive in her place of residence. She was transported to the emergency room at Strong. After decedent was admitted for treatment, social workers employed by Strong began the process of attempting to identify decedent and locate any next of kin. The process of locating decedent's next of kin, which continued after decedent's death, was ultimately unsuccessful. Decedent died later the same day that she was admitted to Strong; no next of kin were present.
The day after decedent's death, Strong referred the investigation into locating decedent's next of kin to the office of the PA. After several days, the PA's investigation also proved unsuccessful. The PA arranged an indigent burial for decedent, which occurred in late January or early February 2012. Shortly thereafter, plaintiffs learned about decedent's death and contacted Strong, which referred them to the PA. Decedent's body was exhumed and a memorial service conducted for plaintiffs, at the PA's expense.
The common-law right of sepulcher "affords the decedent's next of kin an absolute right to immediate possession of a decedent's body for preservation and burial . . . , and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body" (Shipley v City of New York, 25 NY3d 645, 653 [2015] [internal quotation marks omitted]). "To establish a cause of action for interference with the right of sepulcher, [a] plaintiff must establish that: (1) plaintiff is the decedent's next of kin; (2) plaintiff had a right to possession of the remains; (3) defendant interfered with plaintiff's right to immediate possession of the decedent's body; (4) the interference was unauthorized; (5) plaintiff was aware of the interference; and (6) the interference caused plaintiff mental anguish" (Shepherd v Whitestar Dev. Corp., 113 AD3d 1078, 1080 [4th Dept 2014] [internal quotation marks omitted]; see 2A NY PJI2d 3:6 at 82 [2020]).
As relevant here, interference with next of kin's right to immediate possession of decedent's body may arise through a defendant's "failure to notify next of kin of the death" (Melfi v Mount Sinai Hosp., 64 AD3d 26, 39 [1st Dept 2009]; see Duffy v City of New York, 178 AD2d 370, 371 [1st Dept 1991], lv dismissed 80 NY2d 924 [1992], lv denied 81 NY2d 702 [1993]). Generally, "[a] hospital's efforts to notify a decedent's next-of-kin must be reasonable and sufficient under the circumstances' " (Coto v Mary Immaculate Hosp., 26 Misc 3d 1205[A], 2009 NY Slip Op 52665[U], *2 [Sup Ct, Queens County 2009]; see Torres v State of New York, 34 Misc 2d 488, 490 [Ct Cl 1962]).
Here, we conclude that the hospital defendants met their initial burden on their motion of establishing that they engaged in reasonable and sufficient efforts to locate decedent's next of kin following her admission into the hospital. Specifically, deposition testimony from two social workers employed by Strong established that they undertook multiple avenues of investigation to locate decedent's family. Although those efforts were unsuccessful, we note that a defendant has to show merely that it conducted a reasonable and sufficient inquiry, not a perfect one. Thus, the hospital defendants met their initial burden (see generally CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
We conclude, however, that plaintiffs' submissions in opposition, viewed in the light most favorable to plaintiffs (see Nichols v Xerox Corp., 72 AD3d 1501, 1502 [4th Dept 2010]), raise a triable issue of fact with respect to whether the hospital defendants' efforts to locate decedent's next of kin were reasonable and sufficient (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Specifically, plaintiffs identified certain records of the hospital defendants, which indicated that decedent had resided, on some occasions, at a local homeless shelter. Those documents were available to the hospital defendants at the time they conducted their search for decedent's next of kin, and there is no dispute that the hospital defendants did not attempt to contact that homeless shelter during their search.
Plaintiffs also submitted deposition testimony from a person employed by the homeless shelter, who testified that decedent was a frequent resident there and that she knew members of decedent's family and could have contacted them if she had been notified of decedent's death. When that deposition testimony is taken together with Strong's records, we conclude that plaintiffs' submissions raise a question of fact with respect to whether it was reasonable and sufficient for the hospital defendants to fail to contact the homeless shelter that they knew, or should have known, was recently a residence of decedent.
We reject the hospital defendants' contention that plaintiffs were required to submit an expert affidavit in opposition to their motion. An expert opinion is beneficial where it would "help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (De Long v County of Erie, 60 NY2d 296, 307 [1983]). We conclude, however, that evaluating whether the hospital defendants engaged in reasonable and sufficient efforts to locate decedent's next of kin lies within the common knowledge and experience of a layperson, and does not require any specialized or technical knowledge (see generally Kulak v Nationwide Mut. Ins. Co., 40 NY2d 140, 147-148 [1976]; Jerome Prince, Richardson on Evidence § 7-301 at 456 [Farrell 11th ed 1995]).
The hospital defendants contend that plaintiffs did not raise an issue of fact with respect to causation because plaintiffs did not become aware of decedent's death until three weeks after her death—when the hospital defendants no longer had decedent's body and could no longer interfere with plaintiffs' right to her remains. We reject that contention, and conclude that plaintiffs' submissions, as discussed above, raise a question of fact with respect to the element of causation (see Estate of Finn v City of New York, 76 Misc 2d 388, 390-391 [App Term, 1st Dept 1973]; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980], rearg denied 52 NY2d 784 [1980]).
With respect to plaintiffs' cross appeals, we conclude that Supreme Court did not err in granting that part of the County defendants' motion seeking summary judgment dismissing the complaint against the PA. Specifically, we conclude that the County defendants established, as a matter of law, that the PA is entitled to governmental function immunity inasmuch as he was engaged in a governmental function when he was attempting to locate decedent's next of kin. The office of PA was specifically created to protect the public, i.e., to "conserve the assets of decedents who had died intestate and to locate heirs of the deceased," and it possesses an "independent official status" and performs duties that "require a high degree of independent judgment" (People v Insalaco, 142 Misc 2d 371, 372-373 [Sup Ct, Erie County 1989]; see Matter of Richmond, 187 Misc 2d 872, 875 [Sur Ct, Broome County 2001]; see generally Matter of Wyche, 96 Misc 2d 324, 326 [Sur Ct, Albany County 1978]). In our view, the PA's investigation of decedent's next of kin constituted "quintessentially a governmental role" (Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d 709, 713 [2017]).
Thus, because the PA was engaged in a governmental function, "liability may be imposed for the negligent performance of that function only if [the PA] owed a special duty to" plaintiffs (Drever v State of New York, 134 AD3d 19, 25 [3d Dept 2015]; see Applewhite v Accuhealth, Inc., 21 NY3d 420, 426 [2013]). Here, we conclude that plaintiffs did not raise a question of fact with respect to whether the PA owed them a special duty. Although the statutes empowering the PA may have been intended to benefit people such as plaintiffs, under those statutes a private right of action is not available (see generally Pelaez v Seide, 2 NY3d 186, 200 [2004]). There is also no evidence in the record that the PA owed plaintiffs a special duty by virtue of the PA voluntarily assuming a duty to them beyond what was owed to the public generally (see generally Cuffy v City of New York, 69 NY2d 255, 260 [1987]), or that the PA's actions affirmatively placed plaintiffs in harm (see generally Szydlowski v Town of Bethlehem, 162 AD3d 1188, 1190 [3d Dept 2018]). Because the PA did not owe plaintiffs a special duty, it is unnecessary to consider whether the PA's actions were "ministerial or discretionary under the governmental function immunity defense' " (Tara N.P., 28 NY3d at 716; see Full v Monroe County Sheriff's Dept. [appeal No. 3], 152 AD3d 1237, 1239 [4th Dept 2017]).
In light of our determination, plaintiffs' remaining contention is academic.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court