Turner v Owens Funeral Home, Inc. (2020 NY Slip Op 07237)





Turner v Owens Funeral Home, Inc.


2020 NY Slip Op 07237


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-12577
 (Index No. 606377/16)

[*1]Shatima Turner, et al., respondents,
v
Owens Funeral Home, Inc., et al., appellants, et al., defendants.


McCarthy & Associates, Melville, NY (Michael D. Kern of counsel), for appellants.
C. Robinson & Associates, LLC, New York, NY (W. Charles Robinson of counsel), for plaintiffs-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of the common-law right of sepulcher, the defendants Owens Funeral Home, Inc., Isaiah Owens, and Andrew Cleckley appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered October 12, 2018. The order, insofar as appealed from, granted specified portions of that branch of the plaintiffs' cross motion which was for a protective order precluding certain questioning at the plaintiffs' depositions and granted the branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability against the defendant Andrew Cleckley.
ORDERED that the appeal from so much of the order as granted specified portions of that branch of the plaintiffs' cross motion which was for a protective order precluding certain questioning at the plaintiffs' depositions is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendant Andrew Cleckley is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiffs' decedent, James Turner, died on December 28, 2011, while in the care of the defendants North Shore-Long Island Jewish Medical Center, North Shore-Long Island Jewish Health System, Inc., North Shore-Long Island Jewish Medical Care, PLLC, and North Shore-Long Island Jewish Medical Group (hereinafter collectively the hospital). On December 30, 2011, the plaintiffs asked that the decedent's body be released to their chosen funeral home; however, it is undisputed that the body had already been released to the defendant Owens Funeral Home, Inc. (hereinafter the funeral home). The decedent's body was later transferred to the plaintiffs' preferred funeral home for burial.
In February 2012, the plaintiffs commenced this action in the Supreme Court, Bronx County, against the funeral home, Isaiah Owens, and Andrew Cleckley (hereinafter collectively the [*2]defendants) and the hospital seeking, inter alia, to recover damages for interference with their common-law right of sepulcher. The Supreme Court, Bronx County, later granted the motions of the defendants and the hospital to change venue to Nassau County.
Due to discovery disputes arising during the depositions of the plaintiffs, the defendants moved to dismiss the complaint, to preclude the plaintiffs from presenting evidence at trial pursuant to CPLR 3126, or to appoint a referee to oversee and compel discovery pursuant CPLR 3104 and 3124. The plaintiffs cross-moved for a protective order, to strike the defendants' answer, and for summary judgment on the issue of liability against Owens and Cleckley. The Supreme Court, inter alia, granted specified portions of the branch of the plaintiffs' motion which was for a protective order and granted summary judgment on the issue of liability against Cleckley. The defendants appeal.
"The common-law right of sepulcher affords the deceased's next of kin an absolute right to the immediate possession of a decedent's body for preservation and burial . . . , and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body" (Shipley v City of New York, 25 NY3d 645, 653 [internal quotation marks omitted]; see Cansev v City of New York, 185 AD3d 894). "To establish a cause of action for interference with the right of sepulcher, [a] plaintiff must establish that: (1) plaintiff is the decedent's next of kin; (2) plaintiff had a right to possession of the remains; (3) defendant interfered with plaintiff's right to immediate possession of the decedent's body; (4) the interference was unauthorized; (5) plaintiff was aware of the interference; and (6) the interference caused plaintiff mental anguish" (Green v Iacovangelo, 184 AD3d 1198, 1200 [internal quotation marks omitted]; see Shipley v City of New York, 25 NY3d at 653; Martin v Ability Beyond Disability, 153 AD3d 695, 696-697).
Here, is it undisputed that the plaintiffs were the decedent's next of kin and had a right to his remains, and that the funeral home was not authorized to take possession, and the plaintiffs have presented sufficient evidence to establish prima facie that they were aware of the interference and were caused distress (see Green v Iacovangelo, 184 AD3d at 1200). However, to recover for emotional injuries caused by interference with the right of sepulcher, a plaintiff must demonstrate that "the injuries were 'the natural and proximate consequence of some wrongful act or neglect on the part of the one sought to be charged'" (Mack v Brown, 82 AD3d 133, 138, quoting Stahl v William Necker, Inc., 184 App Div 85, 92).
Here, the evidence establishes that Cleckley, who was then satisfying a residency to become a licensed funeral director, was directed by his superior to collect and transport the decedent's body to the funeral home. The plaintiffs presented no evidence either that Cleckley was aware that the funeral home was not authorized to take possession of the decedent's body or that he was negligent in failing to verify that his superior was authorized to direct him to collect and transport the decedent's body. Thus, the plaintiffs failed to meet their prima facie burden to show that he wrongfully interfered with the plaintiffs' right to immediate possession of the decedent's body (see Shipley v City of New York, 25 NY3d at 653; Cansev v City of New York, 185 AD3d 894; Green v Iacovangelo, 184 AD3d at 1200). The plaintiffs likewise failed to demonstrate that Cleckley acted wrongfully or negligently such that he may be held liable for their emotional injuries (see Mack v Brown, 82 AD3d at 138; Hassard v Lehane, 150 App Div 685, 687-688; see also Sarlo v Fairchild Sons, 256 AD2d 322). Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against Cleckley.
So much of the order appealed from as granted specified portions of that branch of the plaintiffs' cross motion which was for a protective order precluding certain questioning at the plaintiffs' depositions is akin to a ruling made in the course of the deposition itself and is thus not appealable as of right (see Jayne v Smith, 184 AD3d 557, 558; Donato v Nutovits, 149 AD3d 1037, 1038; Braverman v Bendiner & Schlesinger, Inc., 85 AD3d 1074; Taylor v New York City Hous. Auth., 83 AD3d 929; Nappi v North Shore Univ. Hosp., 31 AD3d 509; Tardibuono v County of Nassau, 181 AD2d 879, 880). The defendants have not sought leave to appeal, and there is nothing in the record which would warrant granting leave to appeal on the Court's own motion (see Donato [*3]v Nutovits, 149 AD3d at 1038; Braverman v Bendiner & Schlesinger, Inc., 85 AD3d at 1074; Taylor v New York City Hous. Auth., 83 AD3d at 929; Nappi v North Shore Univ. Hosp., 31 AD3d at 509).
In light of the foregoing, we need not reach the defendants' remaining contentions.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court