Martino v Jae Ho Lee (2023 NY Slip Op 03915)

Martino v Jae Ho Lee

2023 NY Slip Op 03915

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-03627
 (Index No. 33910/17)

[*1]Anthony Martino, et al., appellants, 
v
Jae Ho Lee, etc., et al., respondents.

Scaffidi & Associates, New York, NY (Anthony J. Scaffidi, Robert M. Marino, and Kevin B. Lynch of counsel), for appellants.
Voute Lohrfink McAndrew Meisner & Roberts, LLP, White Plains, NY (Thomas K. Wittig of counsel), for respondents Jae Ho Lee and Northeastern Anesthesia Services, P.C.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, New York, NY (Samantha E. Quinn of counsel), for respondent Nyack Hospital.
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated April 29, 2020. The order, insofar as appealed from, (1) denied those branches of the plaintiffs' motion which were to compel the defendant Northeastern Anesthesia Services, P.C., to produce nonparty Roger Raichelson for a further deposition to answer certain questions and to compel the defendant Nyack Hospital to provide certain disclosure, (2) granted the cross-motion of the defendants Jae Ho Lee and Northeastern Anesthesia Services, P.C., for a protective order precluding a further deposition of nonparty Roger Raichelson to answer certain questions, and (3) granted the cross-motion of the defendant Nyack Hospital for a protective order precluding certain disclosure.

DECISION & ORDER
Motion by the defendants Jae Ho Lee and Northeastern Anesthesia Services, P.C., inter alia, to dismiss the appeal from so much of the order as denied that branch of the plaintiffs' motion which was to compel the defendant Northeastern Anesthesia Services, P.C., to produce nonparty Roger Raichelson for a further deposition to answer certain questions on the ground that this portion of the order is not appealable as of right and leave to appeal has not been granted. Cross-motion by the plaintiffs, inter alia, for leave to appeal to this Court from that portion of the order. By decision and order on motion of this Court dated July 23, 2021, the branch of the motion which is to dismiss the appeal from the stated portion of the order and the branch of the cross-motion which is for leave to appeal to this Court from that portion of the order were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, upon the papers filed in support of the cross-motion and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal from so much of the order as denied that branch of the plaintiffs' motion which was to compel the defendant Northeastern Anesthesia Services, P.C., to produce nonparty Roger Raichelson for a further deposition to answer certain questions is granted, and that branch of the cross-motion which is for leave to appeal to this Court from that portion of the order is denied; and it is further,
ORDERED that the appeal from so much of the order as denied that branch of the plaintiffs' motion which was to compel the defendant Northeastern Anesthesia Services, P.C., to produce nonparty Roger Raichelson for a further deposition to answer certain questions is dismissed; and it is further,
ORDERED that the appeal from so much of the order as granted the cross-motion of the defendants Jae Ho Lee and Northeastern Anesthesia Services, P.C., for a protective order precluding a further deposition of nonparty Roger Raichelson to answer certain questions is dismissed, as that portion of the order is not appealable as of right (see Turner v Owens Funeral Home, Inc., 189 AD3d 911; Jayne v Smith, 184 AD3d 557), and leave to appeal has not been granted; and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the plaintiffs' motion which was to compel the defendant Nyack Hospital to provide documents and/or computer records, redacted as necessary, evidencing the date and time Risk Management was first notified with respect to the condition of the plaintiff Anthony Martino postsurgery on January 19, 2017, and substituting therefore a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the cross-motion of the defendant Nyack Hospital which was for a protective order precluding the disclosure of documents and/or computer records, redacted as necessary, evidencing the date and time Risk Management was first notified with respect to the condition of the plaintiff Anthony Martino postsurgery on January 19, 2017, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the defendant Nyack Hospital.
This medical malpractice action arises out of the alleged negligent administration of anesthesia to the plaintiff Anthony Martino during surgery to repair a rotator cuff at Nyack Hospital in January 2017. Martino, and his wife suing derivatively, commenced this action against the anesthesiologist Jae Ho Lee, Northeastern Anesthesia Services, P.C. (hereinafter Northeastern Anesthesia), and Nyack Hospital.
An order denying a motion to compel a witness to answer questions propounded at an examination before trial is akin to a ruling made in the course of the examination itself and is not appealable as of right, even where it was made upon a full record and on the plaintiffs' motion to compel responses (see Donato v Nutovits, 149 AD3d 1037, 1038; Taylor v New York City Hous. Auth., 83 AD3d 929, 929). For the same reason, an order granting a motion for a protective order precluding certain questioning of a witness at a deposition is not appealable as of right (see Turner v Owens Funeral Home, Inc., 189 AD3d 911; Jayne v Smith, 184 AD3d 557). Here, the plaintiffs sought leave to appeal after their appeal was perfected. As this Court has repeatedly observed under comparable circumstances, "'we are disinclined to grant leave to parties who have taken it upon themselves to perfect an appeal without leave to appeal'" (Singh v Villford Realty Corp., 21 AD3d 892, 893, quoting Anagnos v Hangac, 239 AD2d 533, 533). Under these circumstances, we decline to grant the plaintiffs leave to appeal from so much of an order dated April 29, 2020, as denied that branch of their motion which was to compel Northeastern Anesthesia to produce nonparty Robert Raichelson for a further deposition to answer certain questions and granted the cross-motion of Jae Ho Lee and Northeastern Anesthesia for a protective order preluding such questioning of that witness at a further deposition (see Donato v Nutovits, 149 AD3d at 1038; Singh v Villford Realty Corp., 21 AD3d at 893).
During the course of discovery, the plaintiffs sought from Nyack Hospital, inter alia, the production of "[c]opies of the documents and/or computer entries, redacted as necessary, evidencing the date and time Risk Management was first notified with respect to the condition of . . . Martino, post-surgery on 1/19/17." Nyack Hospital claimed that these requested documents were privileged under Education Law § 6527 and Public Health Law § 2805-m. The Supreme Court denied that branch of the plaintiffs' motion which was to compel Nyack Hospital to comply with this discovery demand and granted that branch of Nyack Hospital's cross-motion which was for a protective order precluding disclosure of these documents.
Pursuant to Education Law § 6527(3), certain documents generated in connection with the "performance of a medical or a quality assurance review function," or reports "required by the department of health pursuant to [Public Health Law § 2805-l]," are generally not discoverable (see DeLeon v Nassau Health Care Corp., 178 AD3d 897, 898; Marte v Brooklyn Hosp. Ctr., 9 AD3d 41, 45). Nyack Hospital, as the party seeking to invoke the privilege, had the burden of demonstrating that the documents sought were prepared in accordance with the relevant statutes (see DeLeon v Nassau Health Care Corp., 178 AD3d at 898; Marte v Brooklyn Hosp. Ctr., 9 AD3d at 46). Nyack Hospital merely asserted that a privilege applied to the requested documents without making any showing as to why the privilege attached. Accordingly, the documents, redacted as necessary, evidencing the date and time Risk Management was first notified with respect to Martino's condition postsurgery on January 19, 2017, were subject to disclosure.
The plaintiffs' remaining contentions either are without merit or have been rendered academic.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court