■ 35 HAMILTON REALTY COMPANY et al., Respondents, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [656 NYS2d 614] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered March 4, 1996, which, in an action for property damage caused by a gas explosion, granted plaintiff building owners' motion for partial summary judgment against defendant Con Edison on the issue of liability, severed Con Edison's third-party action against the plumbing contractor, and

directed an assessment of damages, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered September 11, 1996, which denied Con Edison's motion for reargument, unanimously dismissed as taken from a nonappealable order.

Con Edison concedes that the explosion would not have occurred had its employee performed an integrity test on the building pipes before restoring gas service, in accordance with proper procedure. It argues, however, that summary judgment should not have been granted in favor of plaintiffs because issues of fact exist as to whether plaintiffs' negligence contributed to the explosion, and, assuming no such issues of fact, that its third-party action against the plumbing contractor, who made repairs to the building pipes several weeks before the accident, should not have been severed. We disagree. As to plaintiffs' alleged negligence, the Blue Card that has been issued by the City of New York certifying that the prior plumbing work had been properly completed and allowing restoration of gas service eliminated any issue of fact as to plaintiffs' responsibility for the explosion. As to the severance, there being no question of negligence on plaintiffs' part, and as the third-party action may be a lengthy and involved proceeding in which plaintiffs' position will essentially be that of a neutral, we discern no prejudice to Con Edison or other reason why plaintiffs should have to await the outcome of the third-party action before ascertaining their damages (CPLR 3212 [e] [1]). Contrary to Con Edison's contention, the order entered September 11, 1996 did not grant reargument and, accordingly, that appeal is dismissed. Concur—Ellerin, J. P., Rubin, Williams and Tom, JJ.