■ SHATIMA TURNER et al., Appellants, v OWENS FUNERAL HOME, INC., et al., Respondents, et al., Defendants. [36 NYS3d 90]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered February 27, 2015, which, insofar as appealed from, denied plaintiffs' motions for entry of a default judgment against defendant Cleckley, partial summary judgment against defendants Cleckley and Owens, severance of the claims against Owens Funeral Home, Inc. from the claims against the hospital defendants, and disqualification of counsel for defendants Cleckley, Owens, and Owens Funeral Home, Inc., and granted the remaining defendants' cross motion for summary judgment dismissing plaintiff Shatima Turner's claims, unanimously affirmed, without costs.

Plaintiffs assert claims in connection with the alleged mishandling of the remains of their relative, James Turner, against the funeral home that took possession of the decedent's body and two of its employees, as well as the hospital in which the decedent died.

Plaintiffs' motion for a default judgment against Cleckley was properly denied because Cleckley was never properly served, and thus his obligation to respond was never triggered. Plaintiffs failed to meet the requirements of CPLR 308 (2) that delivery be made upon Cleckley at his *actual* place of business and that an affidavit of service be filed within 20 days of delivery and mailing.

Plaintiffs' motion for summary judgment as to liability against defendants Owens and Cleckley was properly denied. Their argument that a prior order granting partial summary judgment against defendant Owens Funeral Home resolves the issues against the individual defendants is meritless, since the prior order expressly denied the motion with respect to Owens. The subsequent motion was not designated as a motion to renew or reargue (CPLR 2221). As to Cleckley, the motion was premature since he had not yet appeared in the action.

The motion court did not improvidently exercise its discretion in denying plaintiffs' motion to sever the claims against Owens Funeral Home from the claims against the hospital defendants. Given the interrelatedness of the claims, the existence of cross claims, and the potential prejudice to the remaining defendants' ability to conduct discovery, it was not improper to conclude that the interests of judicial economy and avoidance of prejudice are best served by not severing (*see Sichel v Community Synagogue*, 256 AD2d 276, 276 [1st Dept

1998]; *35 Hamilton Realty Co. v Consolidated Edison Co. of N.Y.*, 238 AD2d 253, 254 [1st Dept 1997]).

Plaintiffs' motion to disqualify Crisci, Weiser & McCarthy as counsel for Owens Funeral Home, Owens, and Creckley was properly denied. Because plaintiffs never had any attorney-client relationship with Crisci, Weiser & McCarthy, they do not have standing to seek disqualification (*Develop Don't Destroy Brooklyn v Empire State Dev. Corp.*, 31 AD3d 144, 150 [1st Dept 2006], *lv denied* 8 NY3d 802 [2007]).

Last, the hospital defendants' cross motion for summary judgment dismissing plaintiff Shatima Turner's claims was properly granted. Although Shatima has "standing," she does not have "priority" to control the disposition of the decedent's remains under Public Health Law § 4201 (2) (*see Shepherd v Whitestar Dev. Corp.*, 113 AD3d 1078, 1080-1081 [4th Dept 2014]). It is undisputed that Shatima is the decedent's granddaughter, whereas the remaining plaintiffs are his adult children. Surviving adult children have a higher priority than grandchildren (Public Health Law § 4201 [2] [a] [iii], [vii], [ix]). That decedent's children elected Shatima to act as their agent to handle the funeral arrangements does not elevate her priority where, as here, they nonetheless indicated their willingness to control the disposition of Turner's remains (*see* Public Health Law § 4201 [2] [b]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.