| |
|---|
| **Anaya v City of New York** |
| 2024 NY Slip Op 30563(U) |
| February 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154130/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. HASA A. KINGO** | PART **05M** |
| *Justice* | |

-----------------------------------------------------------------------------X

ALBERTO ANAYA,

                                  Plaintiff,

                         - v -

CITY OF NEW YORK, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION,

                                    Defendant.

-----------------------------------------------------------------------------X

| |
|---|
| INDEX NO.     154130/2023 |
| MOTION DATE     06/21/2023 |
| MOTION SEQ. NO.     001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30

were read on this motion to/for                          DISMISS                .

      With the instant motion, defendant, New York City Health and Hospitals Corporation ("defendant"), seeks an order: dismissing plaintiffs' complaint in its entirety for failure to state a claim upon which relief may be granted pursuant to CPLR §3211(a)(7); dismissing the action as to plaintiff ALBERTO ANAYA ("Anaya") pursuant to CPLR § 3211(a)(3) for a lack of legal capacity to sue or, in the alternative, for an immediate trial of any narrow issue raised pursuant to CPLR § 3211(c); and for such other and further relief this court may deem just and proper. Plaintiffs oppose the motion and cross move for an order: granting plaintiffs summary judgment on the issue of whether defendant interfered with plaintiffs' right to possession of plaintiffs' decedent's remains pursuant to CPLR § 3212; and granting plaintiffs leave to amend the complaint to add causes of action for negligent infliction of emotional distress and intentional infliction of emotional distress, as well as to add new defendants pursuant to CPLR § 3025(b).

## BACKGROUND AND ARGUMENTS

      Plaintiffs allege that on Saturday evening, May 7, 2022, at 6:55 pm, plaintiffs' decedent, Myriam Hoyos De Baldrich ("decedent"), was struck and rendered unconscious by a Brooklyn-bound "L" train in the subway tunnel beneath the intersection of Avenue of the Americas and West 14th Street in Manhattan. Decedent was transported by ambulance to Bellevue Hospital ("Bellevue") and admitted on that date. In the complaint, plaintiffs allege that at some point "on the aforementioned date," decedent "possessed written proof of her identity on her person." Moreover, in plaintiffs' notice of claim, it is asserted this "proof of identity" was "a piece of paper upon which her name was written." Decedent's next of kin did not know where she was. Plaintiffs allege that on May 8, 2022, they "reported her missing to the Nassau County Police Department."

      On May 9, 2022, decedent was pronounced brain dead at Bellevue. Plaintiffs allege that Bellevue then notified LiveOnNY, "a nonprofit organization that coordinates organ harvesting and

154130/2023   ANAYA, ALBERTO vs. CITY OF NEW YORK ET AL
Motion No. 001

Page 1 of 7

[* 1]

donation." Plaintiffs allege that on May 12, 2022, Bellevue executed a document authorizing LiveOnNY to harvest decedent's organs for transplantation. Plaintiffs state that "on or about May 17, 2022," decedent was identified by the City of New York Office of the Chief Medical Examiner." Plaintiffs were notified of decedent's death on the day after she was identified.

Defendant asserts that plaintiffs' complaint should be dismissed in its entirety. In support of this motion, defendant argues that, according to the New York Gift Act ("Gift Act"), Bellevue Hospital was obligated to notify LiveOnNY as soon as decedent's death became imminent (N.Y. Public Health Law § 4351[1][a]). Subsequently, defendant contends that the responsibility to identify and locate an individual capable of consenting to the donation of decedent's organs solely rested with LiveOnNY (N.Y. Public Health Law § 4362[2]). Consequently, under New York law, defendant maintains that Bellevue Hospital, along with its doctors, nurses, and staff entrusted with preserving the decedent's life, were legally barred from participating in any activity related to the procurement of organs or tissue for transplantation, including the solicitation of consent for donation (N.Y. Public Health Law §§ 4360[8]; 4362[2]).

Defendant also asserts that, as per plaintiffs' allegations in paragraphs 43 and 44 of their complaint, when decedent remained unidentified, defendant granted administrative consent to donate decedent's organs in accordance with the Gift Act. Furthermore, defendant emphasizes that the Gift Act stipulates that a person acting in good faith in compliance with its terms is immune from liability for damages in any civil action related to their actions (N.Y. Public Health Law § 4306[3][a][i]). As plaintiffs' complaint fails to allege that defendant acted in bad faith or engaged in any conduct that would negate its entitlement to immunity, defendant submits that plaintiffs' allegations are not viable as a matter of law. Defendant further argues that plaintiff ALBERTO ANAYA's claims should be dismissed because plaintiff FREDDYS BALDRICH HILDER has priority.

In opposition, plaintiffs assert that defendant's argument regarding the loss of sepulcher is flawed, as it stems from an inaccurate interpretation of the Gift Act, indicating a fundamental misunderstanding of both the statute and plaintiffs' contentions. Plaintiffs state that defendant fails to understand that the Gift Act exclusively applies to hospital patients who, at a minimum, have been identified. Contrarily, plaintiffs argue that in this case, decedent's identity was never established before Bellevue allowed the harvesting of her organs.

While acknowledging that the statute outlines the responsibilities of hospitals and procurement organizations, plaintiffs contend that it remains silent on the duties concerning a patient whose identity is unknown. Additionally, plaintiffs assert that there is no language in the statute indicating that the duty to ascertain the identity of an unidentified individual rests solely with LiveOnNY or any other procurement organization. Plaintiffs' take umbrage with defendant's omission of any citation of case law supporting its interpretation of the statute, emphasizing that this absence weakens defendant's position.

Plaintiffs further argue that defendant's conflation of donor status and identity proves detrimental to its motion, as plaintiffs' claims specifically revolve around defendant's failures in attempting to ascertain the decedent's identity. Plaintiffs assert that, fundamentally, this case does not revolve around decedent's donor status, a failure to identify such status, or any lapses leading

154130/2023   ANAYA, ALBERTO vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 2 of 7

[* 2]

to a violation of donor status. There are also no allegations or causes of action for violations of the Public Health Law. Consequently, plaintiffs submit that the Gift Act is not implicated in any way in this case. Indeed, while plaintiffs submit that defendant improperly authorized the harvesting of decedent's organs, they simultaneously emphasize that their mental anguish does not stem from the potential violation of decedent's donor status. Instead, the mental anguish at the core of this action is rooted in plaintiffs' fundamental right to immediate possession of the decedent's body, notice of her death, and the proper treatment of her remains.

Moreover, plaintiffs assert that they should be granted summary judgment on the issue of whether defendant interfered—one of the elements of a loss of sepulcher claim—with their right to possess decedent's remains. Plaintiffs contend that this is especially pertinent to the extent that defendant argues that it had no duty to attempt to identify decedent or locate next of kin, which plaintiffs submit can be viewed as an admission that it failed to do so.

Additionally, plaintiffs assert that they are entitled to summary judgment on the matter of whether defendant interfered—considered one of the elements in a loss of sepulcher claim—with their right to possess decedent's remains. Plaintiffs argue that this is particularly relevant given defendant's assertion that it had no obligation to attempt to identify decedent or locate next of kin, a stance that plaintiffs posit can be construed as an admission of its failure to fulfill these duties.

As to negligent infliction of emotional distress ("NIED"), plaintiff's challenge defendant's argument that this cause of action should be dismissed because it is not separately pleaded in the complaint and is duplicative of the loss of sepulcher claim. Plaintiffs submit that while there is no separate section in the complaint for this cause of action, NIED is specifically pleaded. Indeed, plaintiff's cite to the Appellate Division, First Department's, recent recognition that a breach of a duty of care resulting directly in emotional harm is compensable, even though no physical injury occurred, as long as the mental injury is a direct result of the breach (*Brown v. New York Design Ctr., Inc.*, 215 AD3d 1, 9 [1st Dept 2023]). Here, plaintiffs submit that they have pleaded detailed and specific allegations describing defendant's failures to attempt to identify decedent or locate and contact next of kin. Plaintiffs further highlight that plaintiffs also pleaded how this breach caused plaintiffs' severe mental anguish. Plaintiffs also submit that emotional injury can be presumed in a sepulcher case. Accordingly, plaintiffs contend that the NIED claim is sufficiently pleaded despite not having a separate section in the complaint dedicated to it. Plaintiffs further submit that since NIED and loss of sepulcher have different elements, defendant's motion to dismiss plaintiffs' NIED claims as duplicative is premature at this point and should be resolved on summary judgment.

As to intentional infliction of emotional distress ("IIED"), plaintiffs cross move for leave to amend the complaint. Since the filing of the initial complaint, plaintiffs submit that investigation has revealed numerous facts that can underlie an IIED cause of action. Plaintiffs argue that leave should be granted here because the statute of limitations has not expired and the notices of claim timely served on defendant stated claims arising out of defendant's "intentional actions" and "intentional torts" resulting in "mental anguish."

Finally, plaintiffs challenge defendant's argument that plaintiff ALBERTO ANAYA's claims should be dismissed because plaintiff FREDDYS BALDRICH HILDER has priority.

154130/2023   ANAYA, ALBERTO vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 3 of 7

3 of 7

Plaintiffs argue that the rules of priority are created by, and for the purposes of, the Gift Act to determine who has the first right to make a gift of a loved one's organs. As plaintiffs submit that the Gift Act is not applicable to their claims, they likewise argue that this court should summarily deny defendant's application. Even if the Gift Act were applicable here, plaintiffs argue that defendant's motion is premature and should be resolved on summary judgement after it is determined whether plaintiff FREDDYS BALDRICH HILDER indicated a willingness to control the disposition of decedent's remains or yielded to plaintiff ALBERTO ANAYA.

In response, defendant reiterates the arguments set forth in its moving papers and submits that plaintiffs have failed to sustain their burden on summary judgment. Defendant likewise opposes plaintiffs' proposed amendment to the complaint.

DISCUSSION

**Motion to Dismiss**

When a party moves to dismiss a complaint under CPLR § 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action (*African Diaspora Mar. Corp. v Golden Gate Yacht Club*, 109 AD3d 204 [1st Dept 2013]). Although bare legal conclusions are not presumed to be true on a motion to dismiss under CPLR § 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]). Whether a plaintiff can ultimately establish its allegations is not taken into consideration in determining a motion to dismiss (*Philips S. Beach, LLC v ZC Specialty Ins. Co.*, 55 AD3d 493 [1st Dept 2008]).

The Gift Act, detailed in New York Public Health Law Article 43, applies to hospital patients who have been identified (*see generally* N.Y. Public Health Law Article 43). Indeed, N.Y. Public Health Law § 4306-b states as follows:

> This section applies in cases where a prospective donor who has made an anatomical gift or whose donation status has not been ascertained is in a hospital. The hospital shall not withdraw any measures that are necessary to maintain the medical suitability of the part until the procurement organization has had the opportunity to advise the applicable persons as set forth in section forty-three hundred one of this article of the option to make an anatomical gift, has documented or acted upon that decision, or has ascertained that the individual expressed a contrary intent. The procurement organization shall act expeditiously with respect to its responsibilities under this section

Here, one of plaintiffs' principal claims is that decedent's identity was never ascertained before Bellevue allowed her organs to be harvested. Nevertheless, defendant claims that dismissal of plaintiffs' loss of sepulcher cause of action is warranted on account of contention that it is immune from liability arising from the harvesting of decedent's organs since the duty to locate an

**154130/2023  ANAYA, ALBERTO vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 7**

[* 4]

4 of 7

individual who could consent rested exclusively with LiveOnNY pursuant to the Gift Act. Defendant's position, construing plaintiffs' complaint in a light most favorable, is without merit. To be sure, while the statute discusses the duties of hospitals and procurement organizations in dealing with a patient whose donor status is unknown, the statute is completely silent as to the duties in dealing with a patient whose identity is unknown. Indeed, there is no language in the statute stating the duty to ascertain the identity of an unidentified individual rests exclusively with a procurement organization. Defendant cites no controlling authority for its interpretation of the statute. By contrast, plaintiffs cite to applicable case law, including case law from the Appellate Division, First Department, allowing a cause of action for the common law right of loss of sepulcher against a hospital where, as is pleaded here, it allegedly fails to attempt to identify a patient or locate her next of kin (*see Rugova v City of New York*, 132 AD3d 220, 230 [1st Dept 2018] *citing Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal*, 79 AD3d 630 (1st Dept 2010]["it is the role of this [c]ourt to follow its precedents") aff'd 18 NY3d 446 [2012]; *Melfi v. Mount Sinai Hosp.*, 64 AD3d 26, 38-39 [1st Dept 2009]; *Green v Iacovangelo*, 184 AD3d 1198, 1201 [4th Dept 2020]). Plaintiffs correctly underscore the fact that they have not pleaded any allegations or causes of action premised on purported Public Health Law violations. Rather, plaintiffs' allegations are premised on defendant's purported failure to attempt to identify decedent or locate her next of kin. In that respect, the Gift Act is not implicated at all. Consequently, defendant's attempt to dismiss plaintiff's loss of sepulcher claim is denied.

As to NIED, the court notes that a NIED can be premised on a breach of a duty of care resulting directly in emotional harm, even where no physical injury occurred, if the mental injury is a direct result of the breach (*Brown v. New York Design Ctr., Inc.*, 215 AD3d 1, 9 [1st Dept 2023]). Here, plaintiffs have pleaded detailed and specific allegations describing defendant's failures to attempt to identify decedent or locate and contact her next of kin as well as how defendant's purported breach caused plaintiffs' mental anguish (*see* Plaintiffs' Complaint ¶¶ 27-99). Accordingly, construing the complaint in a light most favorable, defendant's application to dismiss plaintiff's NIED claim is denied.

Likewise, there is no merit to defendant's argument that the NIED claim is duplicative of the loss of sepulcher claim, as both causes of action contain different elements (*see Shepherd v. Whitestar Dev. Corp.*, 113 AD3d 1078 [4th Dept 2014]). Defendant may, however, renew its application to dismiss plaintiffs' NIED claims on summary judgment if defendant elects to do so.

**Lack of Capacity to Sue**

The doctrine of standing is a component of the broader question of justiciability and is designed to ensure that a party seeking relief possesses a sufficiently recognizable interest in the outcome, presenting the court with a dispute capable of judicial resolution (*Community Bd. 7 v. Schaffer*, 84 NY2d 148, 154–155 [1994]). The most crucial requirement for standing is the presence of "injury in fact—an actual legal stake in the matter being adjudicated" (*Society of the Plastics Indus., Inc. v. County of Suffolk*, 77 NY2d 761, 772 [1991]).

On the other hand, the doctrine of legal capacity, although similar, pertains to a litigant's authority to appear and bring their grievance before the court (*Community Bd. 7*, 84 NY2d at 155, *supra*). Legal capacity to sue, or the lack thereof, often relies on the litigant's status, such as that

154130/2023   ANAYA, ALBERTO vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 5 of 7

5 of 7

[* 5]

of an infant, an adjudicated incompetent, a trustee, certain governmental entities, or, as in this case, a loved one.

Here, the defendant questions plaintiff ALBERTO ANAYA's legal capacity based on the notion of who had the authority to dispose of decedent's remains. Defendant's argument, however, is premised on the rules of priority created by and for the purposes of the Gift Act, which is inapplicable here (*see* N.Y. Public Health Law Public Health Law § 4301[2]). Nevertheless, as plaintiffs correctly emphasize, even if the Gift Act were applicable, discovery will ultimately yield a better understanding as to whether plaintiff FREDDYS BALDRICH HILDER indicated a willingness to control the disposition of decedent's remains or yielded to plaintiff ALBERTO ANAYA. As such defendant's argument is premature, and would be best tailored for resolution on summary judgment once discovery has been exchanged (*see Turner v Owens Funeral Home, Inc*., 140 AD3d 632, 634 [1st Dept 2016]). As such, defendant's application to dismiss plaintiff ALBERTO ANAYA's claims for want of capacity, is denied.

**Summary Judgment**

To grant summary judgment, it must clearly appear that no material triable issue of fact is presented (*see Alvarez v. Prospect Hosp*., 68 NY2d 320 [1986]). The burden on the court in deciding this type of motion is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist (*see Barr v. Albany County*, 50 NY2d 247 [1980]; *Miller v. Journal-News*, 211 AD2d 626 [2d Dept 1995]). It is the existence of an issue, not its relative strength, that is the critical and controlling for the court's consideration when making its determination (*see Barrett v Jacobs*, 255 NY520 [1931]).

Here, plaintiffs cross move for summary judgment by arguing that defendant's contention that it had no duty to attempt to identity decedent or locate decedent's next of kin is tantamount to an admission that it did not do so. Discovery may yield information relevant to resolution of this issue, however, at this early stage in the proceedings, the court finds that plaintiffs have not met their initial burden on summary judgment, and that plaintiffs' application for summary judgment must likewise be denied at this time as premature (*see* CPLR § 3212*; see also Espinoza v Fowler-Daley Owners, Inc.*, 171 AD3d 480 [1st Dept 2019]). Accordingly, plaintiffs' cross motion for summary judgment is denied.

**Leave to Amend**

"It is well settled that a request for leave to amend a complaint should be freely given, and denied only if there is prejudice or surprise resulting directly from the delay, or if the proposed amendment is palpably improper or insufficient as a matter of law" (*see LDIR, LLC v DB Structured Prods., Inc.*, 172 AD3d 1, 4 [1st Dept 2019]). Indeed, "[a] party opposing leave to amend must overcome a heavy presumption of validity in favor of permitting amendment" (*id*.).

Here, plaintiffs cross move for leave to amend the complaint in the proposed form annexed to plaintiffs' cross motion. Since the filing of the initial complaint, plaintiffs' counsel submits that its investigation has revealed numerous facts that can underlie an IIED cause of action. Notably, the statute of limitations has not expired and the notices of claim timely served on defendant stated

**154130/2023   ANAYA, ALBERTO vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 6 of 7

[* 6]

claims arising out of defendant's "intentional actions" and "intentional torts" resulting in "mental anguish" (*see* Plaintiffs' Notice of Claim, at pg. 2). Given that leave is appropriate where, as here, there is no prejudice or surprise to the opposing party (*McCaskey, Davies & Associates, Inc. v. New York City Health & Hospitals Corp.*, 59 NY2d 755, 757 [1983]), it is axiomatic that plaintiffs' cross motion for leave to amend the complaint, is granted.

Based on the foregoing, it is hereby

ORDERED that defendant's motion to dismiss is denied to the extent that defendant's request for dismissal of plaintiffs' causes of action for loss of sepulcher and NIED, is denied; and it is further

ORDERED that defendant's motion to dismiss plaintiff ALBERTO ANAYA's claims for lack of capacity to sue, is denied; and it is further

ORDERED that plaintiffs' cross motion for summary judgment, is denied; and it is further

ORDERED that plaintiffs' cross motion for leave to amend the complaint, is granted; and it is further

ORDRERED that the amended complaint in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof.

This constitutes the decision and order of the court.

| **2/23/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | | **HASA A. KINGO, J.S.C.** |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**154130/2023 ANAYA, ALBERTO vs. CITY OF NEW YORK ET AL** **Page 7 of 7**
**Motion No. 001**

7 of 7

[* 7]