Felton v St. Joseph Hosp. (2026 NY Slip Op 01159)

Felton v St. Joseph Hosp.

2026 NY Slip Op 01159

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Moulton, J.P., Scarpulla, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 23808/20|Appeal No. 4613|Case No. 2024-03450|

[*1]Sharelle Felton et al., Plaintiffs-Respondents,
vSt. Joseph Hospital et al., Defendants-Respondents-Appellants, Greenwood Crematory, Defendant-Appellant-Respondent, Dawn Taddeo, Defendant.

McCarthy & Associates, Melville (Michael D. Kern of counsel), for appellant-respondent.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford (Lauren B. Bristol of counsel), for St. Joseph Hospital, respondent-appellant.
Marshall Conway Bradley Gollub & Weissman, P.C., New York (Melissa Freedman of counsel), for Ackerman Funeral Chapel, Inc., respondent-appellant.
Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury (Gerilynn Fedrich Falasco of counsel), for respondents.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about May 29, 2024, which denied defendants Rosemount Memorial s/h/a Greenwood Crematory, Ackerman's Funeral Chapel, Inc., and WSNCH North, Inc. doing business as St. Joseph Hospital's separate motions for summary judgment dismissing plaintiffs' claims and all cross-claims against them, unanimously reversed, on the law, without costs, the motions granted, and the complaint and all cross-claims against them dismissed. The Clerk is directed to enter judgment accordingly. Plaintiffs, the alleged adult children of decedent Otis Felton, assert that their rights of sepulcher were infringed by defendants. Mr. Felton died on February 11, 2019, at St. Joseph Hospital, after he was transported from Parkview Nursing Home in cardiac arrest. St. Joseph took appropriate steps to locate and notify the decedent's next of kin,Dawn Taddeo, who was identified as his "spouse" in the hospital records and his "wife" in the records of Parkview, the nursing home where he resided before being hospitalized. Ms. Taddeo notified one of plaintiffs' cousins of Mr. Felton's death, who in turn notified plaintiffs. Plaintiffs traveled from Pennsylvania, where they reside, to St. Joseph to see the decedent and were escorted to the morgue upon arrival. However, they did not at that time leave contact information or reach out to the hospital about disposition of the decedent or to make funeral arrangements. On February 21, 2019, Ms. Taddeo, who represented herself as decedent's "domestic partner," contacted Ackerman's Funeral Chapel and requested that it retrieve decedent's body for cremation. It is undisputed that Ms. Taddeo readily provided Ackerman's with the decedent's personal information, including his social security number, date of birth, address, and parents' names. The following day, a licensed funeral director on behalf of Ackerman's, bearing a Funeral Director's Statement of Authority, picked up the decedent's remains from St. Joseph after receiving payment from Ms. Taddeo's son.
On February 23rd, Ackerman's transported the body to Greenwood Crematory, in accordance with instructions from Ms. Taddeo. Representatives of both Ackerman's and Greenwood testified that, on March 4th, Ms. Taddeo signed the cremation authorization and sent it to the Crematory, although the March 4 authorization is not in the record. Greenwood cremated decedent's remains on March 4, 2019. On their summary judgment motions, defendants made out their prima facie burden of showing that Ms. Taddeo was the decedent's domestic partner, which gave her priority over his adult children to control the disposition of the decedent's remains under Public Health Law § 4201(2)(a) (see generally Turner v Owens Funeral Home, Inc., 140 AD3d 632, 634 [1st Dept 2016]; Mack v Brown, 82 AD3d 133, 138-139 [2d Dept 2011]). "Domestic partner" is defined as a person who, with respect to another person:
"is dependent or mutually interdependent on the other person for support, as evidenced by the totality of the circumstances indicating a mutual intent to be domestic partners including but not limited to: common ownership or joint leasing of real or personal property; common householding, shared income or shared expenses; children in common; signs of intent to marry or become domestic partners under subparagraph (i) or (ii) of this paragraph; or the length of the personal relationship of the persons" (Public Health Law § 4201[1][c][iii]). Here, the evidence submitted shows that Ms. Taddeo and the decedent were in a romantic relationship for more than 20 years, that they have two children together, that they previously lived together, and that she represented herself to be the decedent's wife or domestic partner up until the time of his cremation. The uncontradicted evidence also shows that Ms. Taddeo was named as the decedent's spouse in his hospital records and as his wife in Parkview's records. Ms. Taddeo remained involved in the decedent's life after he was admitted to Parkview, she was at the hospital when the decedent died and notified his family, and she knew and supplied to Ackerman's the decedent's personal information. Ms. Taddeo readily took on the burden of arranging for the disposition of the decedent's remains after he died, and she paid for the cremation. It is immaterial that Ms. Taddeo and the decedent did not live together at the time of the decedent's death, as the record reflects that the decedent was living at Parkview because he was ill. The totality of these undisputed circumstances show that Ms. Taddeo was the decedent's domestic partner with priority to control the disposition of his remains.
In opposition, plaintiffs failed to raise a material issue of fact. They did not dispute any of the above evidence, but instead solely rely on their own self-serving testimony that Ms. Taddeo and the decedent ended their romantic relationship prior to the decedent's death. Even considering that testimony, the totality of the circumstances nevertheless shows that Ms. Taddeo and the decedent were domestic partners for purposes of her right to dispose of his remains. Plaintiffs therefore may not maintain their claim for violation of the right of sepulcher.
All cross-claims asserted by defendants are dismissed in the absence of any underlying liability to plaintiffs (see Canty v 133 E. 79th St., LLC, 167 AD3d 548, 549 [1st Dept 2018]).
The Decision and Order of this Court entered herein on September 18, 2025 is hereby recalled and vacated (see M-5593 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026